UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KEITH BRUMMITT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 2:18-CV-00091-JRG-CLC |
|  | ) |  |
| SHAWN PHILLIPS and STATE OF TENNESSEE, | ) |  |
|  | ) |  |
|  | ) |  |
| Respondents. | ) |  |

## **MEMORANDUM OPINION**

Acting pro se, Keith Brummitt ("Petitioner") filed a document entitled "Petition for Evidentiary Hearing to Cure Miscarriage of Justice" on June 12, 2018 [Doc. 1]. Based on its substance, this Court liberally construed Petitioner's filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and ordered Respondent "to answer or otherwise respond to the petition within thirty (30) days" [Doc. 3]. Respondent responded by filing a Motion to Compel Compliance with Habeas Rule 2, arguing that "[t]he petition does not utilize the standard form and does not substantially comply with the requirements of Habeas Rule 2" [Doc. 5]. On July 3, 2018, this Court granted Respondent's Motion to Compel and directed the Clerk to send Petitioner a blank copy of the form petition for writ of habeas corpus [Doc. 6]. This Court further ordered that "Petitioner shall fully complete, sign, and return the form within thirty (30) days of the date of entry of this order" [*Id.*]. Petitioner was forewarned that if he failed to timely comply with the order, the Court will dismiss this action for want of prosecution and failure to comply with orders of the Court [*Id.*]. The form petition was mailed to Petitioner at the address he listed as his current address. More than thirty days passed and the form petition had not been completed or returned.

Thereafter, the Court ordered Petitioner to show cause within fourteen days explaining why his case should not be dismissed without prejudice for failure to prosecute and/or failure to follow the order of this Court [Doc. 7]. The Court notified Petitioner that failure to comply with the terms of this Order will result in dismissal of his case [*Id.*]. Again, the Court reminded Petitioner of his duty to notify the Court of any change in address [*Id.*]. More than fourteen days have passed and Plaintiff has not filed any response to the Court's order to show cause.

Federal Rule of Civil Procedure 41(b)[1] gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the last two Orders sent to Petitioner's address

---

[1] *See* Habeas Rule 11. "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions, may be applied to a proceeding under these rules." *Day v. McDonough*, 547 U.S. 198, 207 (2006).

on file were not returned to the Court.  Petitioner's failure to respond to the Court's Orders may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the Order because he failed to update his address and/or monitor this action as required by Local Rule 83.13).  Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently.  *See* E.D. Tenn. L.R. 83.13.  Accordingly, either way, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since this action is in the early stages of litigation, Defendants have not yet been prejudiced by Petitioner's inactions.

By contrast, the third and fourth factors clearly weighs in favor of dismissal.  Petitioner has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 6 p. 2; Doc. 7 p. 2] and as such the Court finds that alternative sanctions would not be effective.  There seems little purpose allowing alternative sanctions where Petitioner has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

The Court concludes that, in total, the factors weigh in favor of dismissal of Petitioner's action.  For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE